UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| Nancy J. Haber, | Case No. 24-10194-dsj |
| | Hon. David S. Jones |
| Debtor. | United States Bankruptcy Judge |

-------------------------------------------------------------x

**TO:** **ALL PERSONS AND ENTITIES WITH CLAIMS AGAINT OR INTERESTS IN THE FOLLOWING CHAPTER 11 DEBTOR**

**Nancy J. Haber, Case No. 24-10194-dsj**

The United States Bankruptcy Court for the Southern District of New York has entered an Order establishing **April 19, 2024** (the "Bar Date") as the last date for each person or entity (including individuals, partnerships, limited liability partnerships, limited liability corporations, corporations, joint ventures, and trusts) to file a proof of claim against or interest in the following Chapter 11 Debtor's (the "Debtor"):

**Nancy J. Haber, Case No. 24-10194-dsj**

The Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtor that arose prior to **February 5, 2024** (the "Filing Date"), the date on which the Debtor commenced a case under chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), except for those holders of the claims listed in Section 4 below that are specifically excluded from the Bar Date filing requirement.

1. **WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim to vote on a Chapter 11 plan filed by the Debtor or to share in distributions from the Debtor's bankruptcy estate if you have a claim that arose prior to the Filing Date, and it is not one of the types of claims described in Section 4 below. Claims based on acts or omissions of the Debtor that occurred before the Filing Date must be filed on or prior to

the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Under Section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**2.    WHAT TO FILE**

Your filed proof of claim must conform substantially to Official Form No. 410, a copy of which is annexed to this Notice. Additional proof of claim forms may be obtained at https://www.uscourts.gov/sites/default/files/form_b410.pdf.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency. You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary).

Your proof of claim form shall not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and holders of all claims must identify on their proof of claim the specific Debtor against which their claim is asserted and the case number of that Debtor's

bankruptcy case. A list of the names of the Debtor and its case numbers is set forth above.

3. **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be received **on or before April 19, 2024.**

Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) shall file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts to the CM/ECF system shall file their proofs of claim by mailing or delivering the original proof of claim to the Court at the address provided below:

**United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408**

A proof of claim will be deemed filed only when received by the Bankruptcy Court on or before the Bar Date. A proof of claim may not be delivered by facsimile, telecopy or electronic mail transmission.

Governmental units may also have until **August 6, 2024**, a date that is more than 180 days after the order for relief, to file proofs of claim.

4. **WHO NEED NOT FILE A PROOF OF CLAIM**

You do **not** need to file a proof of claim on or prior to the Bar Date if you are:

(a) A person or entity that has already filed a proof of claim against the Debtor with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410;

(b) A person or entity whose claim is listed on the Schedules if (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii) you do not disagree with the amount, nature and priority of the claim as set forth in the Schedules;

(c) A holder of a claim that has previously been allowed by order of the Court;

(d) A holder of a claim that has been paid in full on account of such claim;

(e) A holder of a claim for which a specific deadline has previously been fixed by this Court; or

(f) A holder of a claim allowable under Sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate.

If you are a holder of an equity interest in the Debtor, you need not file a proof of interest with respect to the ownership of such equity interest at this time. However, if you assert a claim against the Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, proof of such claim must be filed on or prior to the Bar Date pursuant to procedures set forth in this Notice.

This Notice may be being sent to many persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid claim against the Debtor. The fact that you have received this Notice does not mean that you have a claim or that the Debtor or the Court believes that you have a claim against the Debtor.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

(a) If you have a claim arising out of the rejection of an executory contract or unexpired lease (other than a nonresidential real property lease), as to which the order authorizing such rejection is dated on or before the date of entry of the Bar Order, you must file a proof of claim based upon such rejection on or before the later of the Bar Date or the date that is thirty (30) days after the date of the Order authorizing such rejection. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease (other than a nonresidential real property lease), as to which the order is dated after the date of entry of the Bar Order, you must file a proof of claim with respect to such claim by the date fixed by the Court in the applicable

order authorizing rejection of such contract or lease.

(b) If you have a claim arising out of the rejection of an unexpired nonresidential real property lease, you must file a proof of claim with respect to any damages arising from the rejection of such nonresidential real property lease on or before the later of (i) the Bar Date and (ii) thirty (30) days after the effective date of the rejection of such nonresidential real property lease.

6. **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTOR AND ITS CHAPTER 11 ESTATE, FROM VOTING ON ANY PLAN OF REORGANIZATION OR LIQUIDATION FILED IN THIS CASE, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CASES ON ACCOUNT OF SUCH CLAIM.

7. **THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

If you rely on the Debtor's Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount and status of your claim as listed in the Debtor's Schedules, and if you do not dispute that your claim is only against the Debtor specified by the Debtor, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of

claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtor's Schedules are available for inspection on the Court's Internet Website at https://www.pacer.uscourts.gov  A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 8:30 A.M. and 5:00 P.M., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, NY 10004-1408 (subject to any Covid-19 restrictions).  Copies of the Debtor's Schedules may also be obtained from by written request to the Law Office of Julio E. Portilla, P.C., having an address of 380 Lexington Avenue, Suite 446, New York,  NY 10168, Telephone (212-365-0292), Fax (212-365-4417), Email: (jp@julioportillalaw.com), counsel to the Debtor.

**A holder of a possible claim against the Debtor should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.**

[**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**]

Dated: New York, New York
February 22, 2024

                      **BY ORDER OF THE COURT**

                               **KRISS & FEUERSTEIN LLP**
                               360 Lexington Avenue, Suite 1200
                               New York, New York 10017

By:    */s/ Jerold C. Feuerstein*
        Jerold C. Feuerstein, Esq.
        Daniel N. Zinman, Esq.
        Stuart L. Kossar, Esq.
        jfeuerstein@kanfllp.com
        dzinman@kandfllp.com
        skossar@kandfllp.com
        (212) 661-2900
        (212) 661-9397 – facsimile

        *Attorneys for Maguire Perry LLC*

**KRISS & FEUERSTEIN LLP**
360 Lexington Avenue, Suite 1200
New York, New York 10017
(212) 661-2900
(212) 661-9397 – facsimile
Jerold C. Feuerstein, Esq.
Daniel N. Zinman, Esq.
Stuart L. Kossar, Esq.
jfeuerstein@kandfllp.com
dzinman@kandfllp.com
skossar@kandfllp.com

*Attorneys for Maguire Perry LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| Nancy J. Haber, | Case No. 24-10194-dsj |
| Debtor. | Hon. David S. Jones<br>United States Bankruptcy Judge |

-------------------------------------------------------------x

**APPLICATION FOR AN ORDER
ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM
AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

Maguire Perry LLC (the "Secured Creditor"), a secured creditor of the Debtor, Nancy J. Haber (the "Debtor"), in this chapter 11 case, by and through its attorneys, Kriss & Feuerstein LLP, in support of the Secured Creditor's application (the "Application") for an Order fixing a deadline and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, respectfully represents as follows:

**BACKGROUND**

1. On February 5, 2024 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the

1

United States Bankruptcy Court for the Southern District of New York under Case No. 24-10194-dsj (the "Bankruptcy Case").

2. A 341(a) meeting of creditors is scheduled for March 4, 2024 [ECF 2,4].

3. On February 6, 2024, this Court entered a deficiency notice (the "Deficiency Notice") that the Debtor was required to file among other things, a list of its assets, creditors and liabilities (collectively, the "Schedules"), as required by § 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") on or before February 20, 2024 (the "Deficiency Cure Deadline") [ECF No. 3].

4. On February 8, 2024, this Court entered an Order Scheduling Initial Case Management Conference for March 14, 2024 [ECF No. 7].

5. The Debtor's mailing matrix contains a list of creditors as follows:

(i) Amex;
(ii) Citibank;
(iii) Dsnb Macy's/Citibank;
(iv) Dsnb Bloomingdales;
(v) J.P. Morgan Chase Bank, N.A/;
(vi) Maguire Perry LLC;
(vii) NYS Department of Taxation and Finance; and
(viii) Toyota Motor Corporation/Mazda Financial.

6. The Debtor has also filed a list of creditors (the "Initial Unsecured Creditor List") who have the 20 largest unsecured claims and are not insiders as follows [ECF No. 1, 12]:

(i) Amex (with a claim of $52,268.00);
(ii) Citibank (with a claim of $8,132.00);
(iii) Citibank (with a claim of $617.00);
(iv) Dsnb Bloomingdales (with a claim of $5,770.00); and
(v) Jpmcb Card (with a claim of $4,198.00).

7. On February 21, 2024, the Debtor filed a Declaration (the "Declaration") pursuant to Local Rule 1007-2 which attached a list of unsecured creditors that mirrors the Initial Unsecured Creditor List and attached a Summary of Assets and Liabilities (the "Summary of Assets and

2

Liabilities") that only lists unsecured claims in the aggregate amount of $460,825.82 based on Schedule E/F. [ECF No. 12]. However, to date, the Debtor has not filed Schedule E/F.

8. The Law Office of Julio E. Portilla, P.C., having an address of 380 Lexington Avenue, Suite 446, New York, NY 10168, Telephone (212-365-0292), Fax (212-365-4417), Email: (jp@julioportillalaw.com), serves as counsel to the Debtor.

9. To date, one proof of claim has been filed by the NYC Department of Finance (Secured in the amount of $367,496.43 and priority claim of $21,358.69) (Claim 1-1).

10. To date, the Debtor has failed to cure any deficiencies in the Deficiency Notice other than file a certificate of credit counseling by the Deficiency Cure Deadline [ECF No. 11]. In addition, the Debtor filed the Declaration and Summary of Assets and Liabilities after the Deficiency Cure Deadline expired [ECF No. 12].

11. Further, is respectfully submitted that publication does not appear to be necessary in this case but a bar date should be set with notice served upon interested parties.

## APPLICATION

12. Bankruptcy Rule 3003(c)(3) provides that, in a chapter 11 case, "[t]he court shall fix . . . the time within which proofs of claim or interest may be filed." In accordance with Rule 3003(c)(3) and the Procedural Guidelines for Filing Requests for Orders to Set the Last Date for Filing Proofs of Claim, updated on December 1, 2015 ("Bar Date Guidelines"), the Secured Creditor hereby presents this Application and the accompanying documents for entry of the proposed Bar Date Order (collectively, the "Bar Dates"):

3

(i) That 5:00 p.m., eastern standard time, on **April 19, 2024** (the "General Bar Date"), be set as the last date for the filing of proofs of claim with respect to claims or interests, other than claims of Governmental Units,[1] that arose against or in the Debtor prior to the Filing Date;

(ii) That claims arising out of the rejection of an executory contract or an unexpired lease (other than a nonresidential real property lease), as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the General Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of an Order approving this application, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection;

(iii) That claims arising out of the rejection of an unexpired nonresidential real property lease shall be required to file a proof of claim with respect to any damages arising from the rejection of such nonresidential real property lease in accordance with the procedures set forth herein on or before the later of (a) the General Bar Date and (b) 30 days after the effective date of the rejection of such nonresidential real property lease; and

(iv) That in accordance with § 502(b)(9) of the Bankruptcy Code, 5:00 p.m., eastern standard time, on **August 6, 2024** (the "Governmental Unit Bar Date"),[2] be established as the deadline for all Governmental Units holding claims against the Debtor (whether secured, unsecured priority or unsecured nonpriority) that arose prior to the Filing Date, to file proofs of claim, including governmental units with claims against the Debtor for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party.

13. Section 1111(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2) require that proofs of claim be filed by persons or entities whose claims are not listed on a debtor's schedules or whose claims are listed as disputed, contingent or unliquidated. The holder of any claim who fails to file a required proof of claim by the respective Bar Dates shall not, with respect to such claim, be treated as a creditor for purposes of voting and distribution in Debtor's case.

---

[1] As used herein, the term "Governmental Unit" has the meaning given to it in § 101(27) of the Bankruptcy Code and includes the United States; states; commonwealths; districts; territories; municipalities; foreign states; or departments, agencies or instrumentalities of the foregoing (but not the United States trustee while serving as a trustee under the Bankruptcy Code).
[2] The proposed Governmental Unit Bar Date is 180 days after Filing Date in compliance with §502(b)(9).

4

Nevertheless, the holder of such unfiled claim shall be bound by the terms of any plan or plans of reorganization or liquidation, including a discharge of the claim, if the plan or plans are confirmed.

**Form and Manner of Notice**

14. A Notice of Deadline Requiring Filing of Proofs of Claim (the "Bar Date Notice"), substantially in the form attached to the proposed Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof, which is attached hereto as Exhibit "A" (the "Bar Date Order") shall be sent by the Debtor, at least 30 days prior to the General Bar Date, on: (a) the United States Trustee; (b) all persons or entities that have requested notice of the proceedings in the Chapter 11 cases; (c) all persons or entities that have filed claims; (d) all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding Claims; (e) all parties to executory contracts and unexpired leases of the Debtor; (f) all parties to litigation with the Debtor; and (g) the Internal Revenue Service for the district in which this case; and (h) such additional persons and entities as deemed appropriate by the Debtor.

15. The Bar Date Notice will direct all entities to send proofs of claim directly to the Clerk of the United States Bankruptcy Court for the Southern District of New York located at One Bowling Green, New York, NY 10004-1408.

16. No official creditor's committee has been appointed in this case and Secured Creditor has served the Debtor with a copy of this Application. As such, Secured Creditor submits that pursuant to the Bar Date Guidelines, this Application may be submitted to the Court without any further notice.

17. This Application, the proposed Bar Date Order approving same and the proposed Bar Date Notice substantially comply with applicable Local Bankruptcy Rules and the Bar Date

5

Guidelines, establishing the procedural guidelines relating to the establishment of bar dates and providing notice thereof.

18. No prior application for the relief sought herein has been made to this or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

4856-5536-1955, v. 4

**WHEREFORE**, the Secured Creditor respectfully requests that the Court enter the Bar Date Order, substantially in the form attached hereto as Exhibit "A", establishing bar dates for filing proofs of claim and approving the form and manner of notice thereof, and granting Secured Creditor such other and further relief as this Court deems just and proper.

Dated: New York, New York
      February 22, 2024

                              KRISS & FEUERSTEIN LLP

By:  *s/ Jerold C. Feuerstein*
      Jerold C. Feuerstein, Esq.
      Daniel N. Zinman, Esq.
      Stuart L. Kossar, Esq.
      360 Lexington Avenue, Suite 1200
      New York, New York 10017
      (212) 661-2900
      (212) 661-9397 - facsimile
      jfeuerstein@kanfllp.com
      dzinman@kandfllp.com
      skossar@kandfllp.com

      *Attorneys for Maguire Perry LLC*

4856-5536-1955, v. 4