**KRISS & FEUERSTEIN LLP**
360 Lexington Avenue, Suite 1200
New York, New York 10017
(212) 661-2900
(212) 661-9397 – facsimile
Jerold C. Feuerstein, Esq.
Daniel N. Zinman, Esq.
Stuart L. Kossar, Esq.
jfeuerstein@kandfllp.com
dzinman@kandfllp.com
skossar@kandfllp.com

*Attorneys for Maguire Perry LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| Nancy J. Haber, | Case No. 24-10194-dsj |
| | Hon. David S. Jones |
| Debtor. | United States Bankruptcy Judge |

------------------------------------------------------------x

**MAGUIRE PERRY LLC'S OBJECTION TO THE UNITED STATES TRUSTEE'S MOTION FOR AN ORDER CONVERTING THIS CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7, OR IN THE ALTERNATIVE, TO DISMISS THIS CASE**

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

Maguire Perry LLC (the "Secured Creditor"), a secured creditor of the Debtor, Nancy J. Haber (the "Debtor"), in the above referenced Chapter 11 bankruptcy case (the "Bankruptcy Case"), by and through its attorneys, Kriss & Feuerstein LLP, respectfully submits this Objection (the "Objection") to the Office of United States Trustee's (the "UST") Motion (the "Motion") [ECF No. 35-36] for the entry of an order: (i) pursuant to section 1112(b) of Title 11 of the United States Code (the "Bankruptcy Code") converting this Chapter 11 Case to a case under Chapter 7, or in the alternative, dismissing this chapter 11 case; and (ii) granting such further relief as this Court deems just and proper. In support of its Motion, the Secured Creditor respectfully states as

follows:

## PRELIMINARY STATEMENT

1.  The Debtor has failed to prosecute this Bankruptcy Case to any meaningful extent. As such, the UST has filed the Motion due to (among other things): (i) failure to provide insurance; (ii) failure to provide documents requested by the UST (proof that pre-petition accounts are closed and Trust documents); (iii) failure to file monthly operating reports; and (iv) failure to pay UST fees.

2.  However, Secured Creditor has also filed a motion (the "Designation/Exclusivity Termination Motion") [ECF No. 38] that the Debtor's designation as a small business debtor be changed to designate Debtor as a non-small business debtor and that the Debtor's exclusive periods in which to file a Chapter 11 plan and solicit acceptances thereof (the "Exclusive Periods") are terminated. It is the Secured Creditor's intention to file a chapter 11 plan that provides for the sale of the Debtor's real property and other assets and distribution of the proceeds to the creditors in priority order. Creditors will be provided with a plan that offers an improved treatment of their claims than if the Bankruptcy Case continues in its present state or if the case were dismissed or converted.

3.  Accordingly, the Dismissal Motion should be denied permitting Secured Creditor to file a plan. However, to the extent this Court is determining whether the Bankruptcy Case should be dismissed or converted to Chapter 7, this Court should dismiss the Bankruptcy Case (as opposed to conversion) because if the case remained in Chapter 11 or were exposed to the significant administrative fees and costs associated with a conversion to Chapter 7, it would come at the sole expense of Secured Creditor, the Debtor's largest pre-petition creditor.

4.  Based on the foregoing, Secured Creditor respectfully requests the Motion be

denied.

## **RELEVANT BACKGROUND**[1]

5. On February 5, 2024. the Debtor filed a voluntary petition for relief under Chapter 11, which was amended three times thereafter [ECF No. 1, 15, 24, 26].

6. On February 22, 2024, Secured Creditor filed a motion (the "Bar Date Motion") to set the last day to file proofs of claim [ECF No. 13].

7. On March 15, 2024, this Court entered an order (the "Bar Date Order") granting the Bar Date Motion establishing May 31, 2024 (the "Claims Deadline") as the last day to file a claim [ECF No. 21].

8. On April 12, 2024, the Secured Creditor filed its 2004 Motion[2] [ECF No. 22].

9. On April 24, 2024, the Debtor filed the Retention Motion [ECF No. 27].

10. On April 24, 2024, this Court entered an order directed the Debtor to file a response to the 2004 Motion (if any) on or before May 1, 2024 [ECF No. 29].

11. On April 26, 2024, this Court So-Ordered a Stipulation between Secured Creditor and the Debtor extending Secured Creditor's time to commence an action pursuant to the Sections 523 and 727 of the Bankruptcy Code to and including August 30, 024 [ECF No. 31].

12. On May 1, 2024, Secured Creditor filed opposition to the Retention Objection [ECF No. 32].

13. The Secured Creditor has filed a proof of claim (Claim No. 12-1) asserting a secured claim against the Debtor as of the Petition Date in the amount of $6,136,771.90, secured

---

[1] For a more detailed recitation of the factual and procedural background of this matter, this Court is respectfully referred Secured Creditor's motion (the "Rule 2004 Motion") [ECF No. 23] for the entry of an authorizing and directing the examination of the Debtor and the production of certain records, documents and electronic files of the Debtor pursuant to Bankruptcy Rule 2004 and the Designation/Exclusivity Termination Motion and respectfully requests same be incorporated by reference.
[2] Capitalized terms used but not defined herein shall have the same meaning as in the Rule 2004 Motion and/or the Designation/Exclusivity Termination Motion.

3

by, among other things, the Debtor's 100% membership interest of 1819 Weeks Ave. Realty Corp, which owns real property located at 47 Perry Street, New York, NY 10014 (the "<u>Perry Property</u>") and its mortgage encumbering the Perry Property.

14. On May 2, 2024, this Court entered the Rule 2004 Order [ECF No. 34].

15. In connection with the Rule 2004 Order, Secured Creditor demanded Debtor produce documents on or before June 24, 2024.

16. On June 6, 2024, the Office of the UST filed the Dismissal Motion which is scheduled to be heard on July 2, 2024 [ECF No. 35, 36].

17. The meeting of creditors pursuant to Bankruptcy Code Section 341(a) has been continued to July 8, 2024, due to Debtor's continued failure to comply with basic bankruptcy requirements.

18. On June 24, 2024, Secured Creditor filed the Designation/Exclusivity Termination Motion [ECF No. 38].

<u>**ARGUMENT**</u>

<u>**POINT I**</u>

**THE MOTION SHOULD BE DENIED ALLOWING
SECURED CREDITOR TO FILE A PLAN**

19. This case is not sufficiently large or complex to prohibit the filing of a plan. Upon granting the Designation/Exclusivity Termination Motion, Secured Creditor will file a liquidation plan to sell Debtor's assets.

20. Secured Creditor's plan would provide the benefit of a competitive process that will increase the value of the Debtor's estate. In addition, creditors would be provided with a plan that offers an improved treatment of their claims than if the Bankruptcy Case continues in its present non-productive state or if the case would be dismissed. Further, as set forth below,

4

although Chapter 7 Trustee could also liquidate Debtor's asserts, it would lead to the significant administrative fees and costs associated with a conversion to Chapter 7 (*See* Infra, Pt. II).

21. Based on the foregoing, the Court should deny the Motion.

## **POINT II**

### **THIS COURT SHOULD DISMISS THE BANKRUTPCY CASE (AS OPPOSED TO CONVERSION)**

22. A court may dismiss or convert the case into a Chapter 7 liquidation where the court finds "cause" to do so, so long at the conversion or dismissal is in the best interests of the creditors and the debtor's estate. 11 U.S.C. § 1112(b). Here, as set forth in the Motion, the Debtor has failed to: (i) provide insurance; (ii) provide documents requested by the UST (proof that pre-petition accounts are closed and Trust documents); (iii) file monthly operating reports; and (iv) pay UST fees.

23. The Debtor's failure to meet the basic Chapter 11 requirements creates risk to Secured Creditor and other creditors. Here, the Debtor is not paying the insurance premiums which puts estate assets in serious jeopardy to the detriment of creditors. In addition, the Debtor's failure to provide proof of the DIP account is problematic because the Debtor has the potential to misappropriate cash collateral. Further, the Debtor's failure to file monthly operating reports prevents Secured Creditor (and others) from access to the Debtor's financial information and to adequately monitor the Bankruptcy Case. Accordingly, there is "cause" to dismiss the Bankruptcy Case.

24. If cause is established, the Court then considers whether "conversion or dismissal . . . [is in the] best interests of creditors and the estate." *In re Sunnyland Farms, Inc.*, 517 B.R. 263, 266-67 (Bankr. D. N. Mex. 2014) (quoting *In re American Capital Equipment, LLC*, 688 F.3d 145, 161 (3d Cir. 2012).

5

25. If the case remained in Chapter 11 or were exposed to the significant administrative fees and costs associated with a conversion to Chapter 7, it would come at the sole expense of Secured Creditor. In addition, a Chapter 7 Trustee would not add anything to what is essentially largely a two-party dispute between Debtor and Secured Creditor. Here, Secured Creditor can simply reset its UCC Sale upon dismissal of the Bankruptcy Case. As such, Secured Creditor would fare worse if the case were converted to Chapter 7 rather than dismissed.

26. Accordingly, if this Court does not deny the Motion, Secured Creditor respectfully requests dismissal of the Bankruptcy Case (as opposed to conversion) as it is in the best interest of creditors and the estate.

## RESERVATION OF RIGHTS

27. Secured Creditor expressly reserves its right to amend or supplement this Objection and to introduce evidence supporting this Objection at the hearing on the Motion as it deems advisable.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

4895-8775-5977, v. 1

**WHERFORE,** the Secured Creditor respectfully requests the Motion be denied together with such further and different relief as the Court may deem just and proper.

Dated: New York, New York
June 25, 2024

KRISS & FEUERSTEIN LLP
*Attorneys for Maguire Perry LLC*

*s/Jerold C. Feuerstein*
Jerold C. Feuerstein, Esq.
Daniel N. Zinman, Esq.
Stuart L. Kossar, Esq.
360 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 661-2900
(212) 661-9397 fax
jfeuerstein@kandfllp.com
dzinman@kandfllp.com
skossar@kandfllp.com

4895-8775-5977, v. 1